# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD, | 1:18-cv-00534-DAD-GSA-PC |
| Plaintiff, | **FIRST SCREENING ORDER** |
| v. | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| SHERIFF ADAM CHRISTIANSON, et al., | **(ECF No. 1.)** |
| | **THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT** |

## I. BACKGROUND

William J. Gradford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On April 11, 2018, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915.

## II. SCREENING REQUIREMENT

The *in forma pauperis* statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. "[T]he liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF COMPLAINT

Plaintiff is a state prisoner incarcerated at Mule Creek State Prison in Ione, California. The events at issue in the Complaint allegedly occurred at the Stanislaus County Public Safety Center (SCPSC ) in Modesto, California, when Plaintiff was detained there as a pretrial

detainee in the custody of the Stanislaus County Sheriff. Plaintiff names as defendants Sheriff Adam Christianson, Captain Ducan, and Lieutenant (Lt.) Martinez (collectively, "Defendants").

Plaintiff alleges as follows.

On December 5, 2016, Plaintiff reported, against Deputies Teixeira and McCarthy [not defendants] by way of grievance for threatening Plaintiff's life, safety, and well-being. Plaintiff reported against Deputy Teixeira for throwing inmate Francisco Ibanez, Jr., against the wall while Ibanez was on the floor having a seizure and unresponsive. Plaintiff and other inmates witnessed the attack. Teixeira said Plaintiff would be next if he said anything. Very soon afterward, as word spread, Plaintiff was threatened by Deputy McCarthy, who said, "Gradford, if you know what's good for you, you will keep your mouth shut!" ECF No. 1 at 4. Plaintiff immediately reported deputy Teixeira for throwing inmate Ibanez and for threatening Plaintiff.

After reporting these two deputies, Plaintiff began to experience extreme retaliation by other deputies over approximately 8 months while he was incarcerated at SCPSC. Plaintiff pleaded to higher-ranking deputies -- Captain Ducan, Lt. Martinez, and Lt. Kirt [not a defendant] (who replaced Lt. Martinez) -- to stop the retaliation, but they continued to allow the abuse. Plaintiff complained many times to Lt. Martinez through grievances and an in-person interview, but he continued to allow it. Lt. Martinez was fully aware from the beginning; he was replaced a few months later by Lt. Kirt. Plaintiff wrote to many different government agencies and two local organizations (NAACP, ACLU) pleading for help and for someone to intervene, including Stanislaus Sheriff Adam Christianson. Plaintiff wrote to Sheriff Christianson over and over because Plaintiff thought the deputies were going to kill or seriously harm him. A few years ago, in-house deputies killed an African-American deputy (one of their own). Plaintiff is African-American. Sheriff Adam Christianson refused to stop the retaliation. The abuse continued against Plaintiff after he repeatedly wrote letters to the Sheriff's office. Lt. Kirt clearly stated to Plaintiff that these complaints were in the newspapers, which even made things worse for Plaintiff. Sheriff Christianson refused to help or get involved, and the retaliation continued with him being fully aware from the beginning.

///

Captain Ducan ignored Plaintiff's pleas for help, and continued to state, through Lt. Martinez, that he had already addressed these issues. After 8 months, Captain Ducan finally said he would speak with his deputies, via the Sergeant, about Plaintiff's treatment. By then Plaintiff had written to approximately 40 government agencies. Plaintiff also complained to his attorney but he refused to get involved even though Plaintiff showed him solid proof. The only reason Captain Ducan got involved at the end of 8 months was because of outside pressures. They took advantage of Plaintiff and the situation because he is African-American and has a criminal history. Plaintiff is sorry about reporting McCarthy and Teixeira because he fears being retaliated against by deputies, and under-cover third parties, upon his release. Plaintiff alleges that because of Defendants' actions he fears for his life, safety, and well-being, and suffers from great mental stress and anguish.

Plaintiff seeks $2.5 million dollars.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir.

2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Rights of Pretrial Detainees

Plaintiff was a pretrial detainee at the time of the events at issue in the Complaint. "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987). A pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees. See Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008); Lolli v. Cnty. of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003); Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003); Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1312-13 (9th Cir. 1995); Maddox v. City of Los Angeles, 792 F.2d 1408, 1414-15 (9th Cir. 1986). For example, where the pretrial detainee is claiming that prison officials are liable for a breach of the duty to protect the detainee from attack by other inmates and detainees, the court should utilize Eighth Amendment standards. See Redman v. Cnty. of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc); see also Pierce, 526 F.3d at 1209-13 (explaining that detainees in

administrative segregation are entitled under the First and Eighth Amendments to ongoing participation in religious activities and adequate opportunities for exercise); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998) (stating that Eighth Amendment establishes minimum standard of medical care for pretrial detainees).

Unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984) (citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979)); Pierce, 526 F.3d at 1205; Demery v. Arpaio, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160-61 (9th Cir. 2003); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002); White v. Roper, 901 F.2d 1501, 1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012). Order and security are legitimate penological interests. See White, 901 F.2d at 1504.

### B. Supervisory Liability

A plaintiff may state a claim against a supervisor based on the supervisor's knowledge of, and acquiescence in, unconstitutional conduct by his or her subordinates. Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). "There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Liability under section 1983 is based only on the defendant's individual actions—not vicarious liability. Iqbal, 556 U.S. at 676–77; Starr, 652 F.3d at 1207. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)). A defendant may be liable as a supervisor "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct

and the constitutional violation." Id. at 1207 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

Plaintiff brings § 1983 claims against Sheriff Adam Christianson, Captain Ducan, and Lt. Martinez. Plaintiff's allegations support an inference that these Defendants were working as supervisory personnel at SCPSC at the time of the events at issue. Plaintiff alleges that these Defendants were higher-ranking deputies who failed to intervene in the retaliatory acts by their deputies against Plaintiff. Plaintiff alleges that Defendants failed to stop the abuse against him, inferring that Defendants had authority to supervise or control the deputies. However, inferences are insufficient to conclusively establish that the three named Defendants were supervisory personnel. When Plaintiff amends the Complaint, he must clarify the degree of authority that each of the Defendants had over their subordinate deputies who allegedly retaliated against Plaintiff. To the extent that Defendants are supervisory personnel, Plaintiff's Complaint fails to state a claim under a vicarious liability or *respondeat superior* theory.

### C. Conditions of Confinement – Eighth Amendment Jurisprudence[1]

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994), and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346. Prison officials

---

[1] As discussed above, a pretrial detainee's right to be free from punishment is grounded in the Due Process Clause, but courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees.

7

have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).

To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost, 152 F.3d at 1128. The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer, 511 U.S. at 834. "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson, 217 F.3d at 731. Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731. Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. As discussed above, a person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). Mere negligence on the part of the prison official is not sufficient to establish

liability, but rather, the official's conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

///

///

As discussed below, Plaintiff's deliberate indifference claim fails. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies found in this claim by the court.

**Sufficiently Serious Deprivation**

Plaintiff has not demonstrated that he was at substantial risk of serious harm because of the retaliation. Plaintiff has not shown that he actually faced a substantial risk of harm to his health or safety. Plaintiff alleges that he was in grave danger of harm, but he has not shown that he faced any actual danger or was actually injured. Plaintiff must allege *facts* by describing something he saw or heard that led him to reasonably believe that he faced actual danger of specific harm by a particular individual deputy. It is not enough to speak in generalities by alleging that he was "threatened," "in grave danger," "subject to retaliatory acts," or "believed he would be killed." Plaintiff must state what happened that caused him to experience extreme retaliation -- *who* was there, *when* and *where* it happened, *what* he saw or heard, and *how* he was harmed. A prison official may be held liable only if he knows that an inmate faced a *substantial risk of harm* and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. (emphasis added.)

**Deliberate Indifference**

Plaintiff does not include factual allegations in the Complaint that would allow the court to find that Plaintiff's Complaint states a cognizable deliberate indifference claim, plausible on its face, against any of the Defendants. Instead, Plaintiff's Complaint only contains speculative and conclusory allegations -- that the Defendants were fully aware of the abuse from the beginning, because Plaintiff complained to them through grievances, letters, and an in-person interview, and they allowed the retaliation to continue. It is not enough to speak in generalities

that a Defendant "was fully aware," "refused to help or get involved," or "continued to allow the abuse." Plaintiff must allege *facts*.

The Complaint also does not allege concrete facts showing that the Defendants improperly supervised their staff, acquiesced in their conduct, or acted with a reckless or callous indifference to Plaintiff's rights. See Starr, 652 F.3d at 1208 (citation omitted) ("'[A]cquiescence or culpable indifference' may suffice to show that a supervisor 'personally played a role in the alleged constitutional violations.'"). Plaintiff does not include factual allegations that any of the Defendants knew of unconstitutional conduct and acquiesced in that conduct.

### *Sheriff Christianson*

Plaintiff alleges that he wrote to Sheriff Adam Christianson over and over, but Sheriff Christianson refused to help or get involved, and the retaliation continued. These vague allegations are insufficient to state a claim. To state a claim, Plaintiff must allege *facts* explaining *what* he wrote to Sheriff Christianson that sufficiently informed the Sheriff of the serious risk of substantial harm he faced because of abuse by the deputies. It is not enough to generally allege that Sheriff Christianson "was fully aware" of the abuse. Plaintiff must set forth in detail *what* the Sheriff knew, *when* and *how* he knew it, and *how* he responded to the this knowledge. To the best of his knowledge, Plaintiff must explain how Plaintiff knows that the Sheriff received the letters he wrote and what the Sheriff's response was to Plaintiff's letters, and the information contained therein. Plaintiff must show that the Sheriff's actions, or failure to act, demonstrated that the Sheriff was deliberately indifferent to a known risk of serious harm to Plaintiff.

### *Captain Ducan*

Plaintiff alleges that he pleaded to Captain Ducan to stop the retaliation against him by deputies, but the Captain continued to allow the abuse. Plaintiff alleges that Captain Ducan ignored Plaintiff's pleas for help and continued to state, through Lt. Martinez, that he had already addressed these issues. Plaintiff also alleges that after 8 months Captain Ducan finally said he would speak with his deputies, via the Sergeant, about Plaintiff's treatment.

These allegations do not show that Captain Ducan acted with deliberate indifference against Plaintiff. As with Sheriff Christianson, Plaintiff must allege *facts* explaining in detail *what* he told Captain Ducan about specific retaliatory acts against him by individual deputies, *when* and *how* Plaintiff communicated the information to Captain Ducan (i.e., by talking to him, sending him a letter, or filing a grievance), and *how* Captain Ducan responded to what Plaintiff told him. To state a claim, Plaintiff must show that Captain Ducan was clearly aware that Plaintiff faced a substantial risk of serious harm if the retaliation continued and yet ignored or disregarded that risk, failing to abate the risk of harm. It is not enough to generally state that Captain Ducan "was aware" or "knew." If Plaintiff was injured or harmed because of Captain Ducan's conduct, Plaintiff should allege facts *describing* what injuries or harm he suffered. Plaintiff should also allege more facts about Captain Ducan's statement that he had already addressed the issues Plaintiff complained of, *how* Plaintiff knew that Captain Ducan communicated through Lt. Martinez, *what* Lt. Martinez said, and *whether* Captain Ducan actually spoke with the deputies about their abuse of Plaintiff.

### *Lt. Martinez*

Plaintiff alleges that he complained many times to Lt. Martinez, by filing grievances and during an in-person interview, but Lt. Martinez continued to allow the retaliation against Plaintiff to continue. Plaintiff states that Lt. Martinez was fully aware of the retaliation from the beginning.

As with the other two Defendants, these vague allegations are insufficient to state a claim.
Plaintiff must allege *facts* explaining in detail *what* he told Lt. Martinez about specific retaliatory acts against him by individual deputies, *what* Plaintiff wrote on the grievance and *what* Plaintiff said in the interview. It is not enough to generally allege that Lt. Martinez "was fully aware." Plaintiff must also allege *how* Lt. Martinez responded to what Plaintiff told him. To state a claim, Plaintiff must allege *facts* showing that Lt. Martinez was clearly aware that Plaintiff faced a substantial risk of serious harm if the retaliation continued and yet ignored or disregarded that risk, failing to abate the risk of harm. If Plaintiff was injured or harmed

because of Lt. Martinez's conduct, Plaintiff should allege facts *describing* the injuries or harm he suffered.

### D. Plaintiff's References in the Complaint to Other Cases and Evidence Not Submitted

In the Complaint, Plaintiff refers to other cases and evidence that was not submitted with the Complaint. Examples follow.

(1) "(Please see other pending U.S. District Court Fresno Related Cases)." (ECF No. 29 at 6.)

(2) "(Please see tunnel cameras, on Dec 5, '16)." (ECF No. 29 at 8.)

(3) "(Please see the Modesto Bee, Modesto CA)." (ECF No. 29 at 11.)

(4) "(Please see court record/recordings)." (ECF No. 29 at 12.)

(5) "(Please see U.S. District Court pending claims/cases.)" (ECF No. 29 at 12.)

Plaintiff may not add information to his complaint in this manner. Any information Plaintiff wishes the court to consider must be included in the complaint or attached as exhibits to the complaint. The court only considers the complaint itself and exhibits filed concurrently with the complaint. To incorporate exhibits into the complaint, Plaintiff should refer to the pertinent exhibits in the body of the complaint, directing the court to the exact location of the information found in the exhibits. Fed. R. Civ. P. 10(c).

Plaintiff is also advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself *without reference to the prior or superceded pleading*. (emphasis added.) Local Rule 220.

### E. Damages for Emotional Distress

Plaintiff requests only monetary damages as relief in this case. Plaintiff is advised that the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v.

Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, Plaintiff is not entitled to monetary damages in this case for emotional distress unless he also shows a physical injury.

## V. CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against defendants Christianson, Martinez, or Ducan. Therefore, the court shall dismiss the Complaint, with leave to file a First Amended Complaint curing the deficiencies in Plaintiff's claims found by the court.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." The court will provide Plaintiff with time to file a First Amended Complaint curing the deficiencies identified above. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Id. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of the complaint or adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on March 22, 2017.

13

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey, at 907 n.1, and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a First Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00534-DAD-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 14, 2018**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE